**EAGLE IMPORT & EXPORT, INC., Plaintiff–Appellant,**

v.

**AMERICAN PRESIDENT LINES, LTD., Defendant–Appellee.**

**No. 01–6598.**

United States Court of Appeals, Sixth Circuit.

Feb. 6, 2003.

Before SILER, DAUGHTREY, and COLE, Circuit Judges.

### ORDER

Eagle Import & Export, Inc. ("Eagle"), a Tennessee corporation, appeals the summary judgment entered in favor of American President Lines, Ltd. ("APL"). The parties have expressly waive oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

The factual background as set forth by the district court are as follows: In September, 1999, Eagle requisitioned APL to transport containers of stainless-steel knives and swords from Karachi, Pakistan to Memphis, Tennessee. Subsequently, Eagle received from APL certain "short form" bills of lading, containing "the names and addresses of the shipper, consignee and notifying party, port of loading and place of delivery, the identity of the cargo, and the freight weights, rates and charges."

On October 29, 1999, upon receipt of the first shipment, Eagle discovered that "moisture had deteriorated the knives, re-sulting in oxidation of the knife blades and water damages to the wooden knife and sword handles." On November 1, 1999, APL's inspection agent, Bell One Control Services, concluded that the moisture resulted from damages to the shipping container, but was unable to confirm whether the damage "would have been pre-existing prior to stuffing as [the] container was of aluminum construction."

On November 22, 1999, Eagle received a second shipment that was similarly damaged. As instructed by APL's inspection agent, Eagle sold the salvage of the two shipments, and submitted a claim to APL for lost merchandise.

On January 29, 2001, Eagle filed suit in the Circuit Court of Shelby County, Tennessee, for breach of contract and negligence on the part of APL. On February 28, 2001, APL filed a notice of removal pursuant to 28 U.S.C. §§ 1337 and 1441. On July 19, 2001, APL moved for summary judgment on the ground that Eagle's complaint was time-barred by 46 U.S.C. § 1303 of the Carriage of Goods by Sea Act ("COGSA"). Eagle responded. The district court granted summary judgment in favor of APL. This timely appeal followed.

We review a district court's grant of summary judgment de novo. *Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1388 (6th Cir.1993). Pursuant to Fed.R.Civ.P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." On appeal, we must consider all facts and inferences drawn therefrom in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88,

106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Not all factual disputes between the parties, however, will defeat an otherwise properly supported motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In order for a factual dispute to defeat a motion for summary judgment, the dispute must be in regard to a material fact that might affect the outcome of the action under governing law. *Id.* at 248. Moreover, this court has held that the nonmoving party "must 'do more than simply show that there is some metaphysical doubt as to the material facts.'" *Barnhart,* 12 F.3d at 1389 (quoting *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479–80 (6th Cir.1989)). Thus, "[w]here the record taken as a whole could not lead a rational trier of fact to find' for the [nonmoving party], the motion should be granted. The trial court has at least some discretion to determine whether the [nonmoving party's] claim is plausible." *Id.*

Upon review, we conclude that summary judgment was proper for the reasons stated by the district court. Section 1303(6) of COGSA provides a one-year limitation period in which to bring cargo claims. The section provides:

> In any event the carrier and the ship shall be discharged from all liability in respect of loss or damage unless suit is brought within one year after delivery of the goods or the date when the goods should have been delivered. . . .

46 U.S.C. § 1303(6). Because Eagle received shipment more than one year prior to filing suit, any claim for damages occurring between loading and discharge is time-barred by COGSA.

Eagle's contention that any damage occurring prior to loading or subsequent to discharge is governed by the Harter Act, *see* 46 App. U.S.C. §§ 190–96; *Gamma–10*

*Plastics, Inc.,* 32 F.3d at 1249, which does not contain a statute of limitations, is without merit. As pointed out by the district court, Eagle makes no allegation that the shipment was damaged prior or subsequent to discharge. Rather, Eagle relies on the bare assertion that "it is undetermined when the events occurred which gave rise to Eagle's damages claims." Eagle concludes, without more, that this uncertainty creates a genuine issue of fact, precluding summary judgment. In response to a motion for summary judgment, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.,* 8 F.3d 335, 339–40 (6th Cir.1993). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson,* 477 U.S. at 247–48 (1986). *See generally Booker v. Brown & Williamson Tobacco Co.,* 879 F.2d 1304, 1310 (6th Cir.1989). Because Eagle has not alleged any affirmative fact as to APL's negligence or breach of contract prior to loading or subsequent to discharge, Eagle has failed to create a genuine issue of fact under the Harter Act.

Eagle's contention that the district court erred in disregarding Bell One's (APL's surveyor) "Condition Inspection Report" is also without merit because the report does not affirmatively assert that the damage to the shipment occurred before loading but merely states that it is uncertain whether the cargo was damaged before it was placed into the container by the shipper. *See Barnhart,* 12 F.3d at 1389. Accordingly, as noted by the district court, the report was simply insufficient to raise a

fact issue about the timing of the alleged damage.

Similarly, Eagle's argument that the alleged damage to the shipments occurred while the shipments were on the vessel's deck, thereby rendering COGSA and its one-year statute of limitations inapplicable, is also without merit. Eagle failed to present any evidence that its shipments were damaged while stowed on-deck. Eagle presented only a "metaphysical doubt" that was insufficient to raise a genuine issue of material fact. *Id.*

For the foregoing reasons, the district court's judgment is affirmed.